PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE C BUCZEK and DANIEL R.
BUCZEK,                                                                14-CV-1024S
                                                                              ORDER
       Plaintiffs,

  -v-

EDWARD COTTER, et al.,

       Defendants.

_____

## PROCEDURAL BACKGROUND

Plaintiffs Shane Buczek ("Shane") and Daniel Buczek ("Daniel"), a son and father, filed a *pro se* complaint on December 5, 2014, alleging, *inter alia*, false arrest and malicious prosecution.

Plaintiffs' complaint arises out of an incident on December 26, 2005, at the First Niagara Center ("FNC"), formerly HSBC Arena, the home of the Buffalo Sabres, a National Hockey League franchise. Plaintiffs were accused of using "Liberty Dollars" to purchase items at FNC, and following an altercation with a private security guard, were arrested and charged with Criminal Possession of a Forged Instrument, First Degree (N.Y. Penal Law, § 170.30), Criminal Impersonation in the First Degree (N.Y. Penal Law, § 190.26) and Harassment in the Second Degree (N.Y. Penal Law, § 240.26). (Docket No. 8, Decision and Order, filed June 18, 2015 ("Decision and Order"), at 4-5.)[1]

---

[1] Familiarity with this Decision and Order is presumed. The relevant facts pled in the complaint and set forth in the Decision and Order are repeated herein only where necessary to an understanding of the discussion.

On June 18, 2015, the Court (Hon. Elizabeth A. Wolford) issued an order that (1) granted Plaintiffs permission to proceed *in forma pauperis,* (2) dismissed Plaintiffs' claims against a number of defendants—Molly Jo Musarro, Assistant District Attorney, Erie County; Frank Clark, former District Attorney, Erie County; and the Honorable Sharon LoVallo, City Court, Buffalo—pursuant to absolute judicial and prosecutorial immunity, and (3) directed Plaintiffs to show cause why the remaining claims pled in the complaint should not be dismissed as barred by the applicable statute of limitations. (*Id.,* at 4, 8-13, and 14-16.)

In response to the Decision and Order, Plaintiffs filed a "Writ of Error Objections" (Docket No. 9 "Objections"), a Motion to Take Judicial Notice (Docket No. 10) and Motion for Default Judgment as to certain defendants (Docket No. 11.)  For the following reasons, the complaint is dismissed and the remaining motions (Docket Nos. 10-11) are denied as moot.

## DISCUSSION

The Decision and Order noted that the applicable statute of limitations for actions brought under 42 U.S.C. §§ 1983 and 1985 is three years, *see* Decision and Order, at 8 (citing *Owens v. Okure*, 488 U.S. 235, 251 (1988); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (actions under § 1985); *Jewell v. Cnty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (actions under § 1983)), and that the applicable statute of limitations for actions brought under § 1986 is one year (*id.* (citing 42 U.S.C. § 1986; *Paige v. Police Dept. of Schenectady,* 264 F.3d 197, 199 n.2 (2d Cir. 2001)).

Claims under §§ 1983 and 1985 "accrue" when a plaintiff "knows or has reason to know of the injury which is the basis of [the] action." *Cornwell*, 23 F.3d at 703.

2

...

Federal courts are required to borrow a state's rules for tolling the statute of limitations unless the rules are not consistent with federal law. *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 487-91 (1980).

The Decision and Order further noted that Plaintiffs' complaint, filed on December 5, 2014, related to an incident that occurred on December 26, 2005, and that subsequent criminal proceedings concluded, at the latest, on June 29, 2009—the date of an Order sealing the Buffalo City Court records and noting that the criminal proceedings had terminated in Shane's favor. (Decision and Order, at 9 (citing Docket No. 1, Complaint, Ex. 5, at 14).)  It was thus clear from the complaint that Plaintiffs did not file this action within the one- and three-year applicable statutes of limitations and thus that the complaint had to be dismissed as untimely.

Plaintiffs' "Writ of Error Objections" (Docket No. 9) is a voluminous[2] submission consisting mostly of irrelevant, disconnected case excerpts linked by the use of legalese that typifies sovereign-citizen submissions.  The few portions of the submission that are relevant and somewhat responsive to the Decision and Order fail to show cause why the complaint should not be dismissed as time-barred under the applicable statutes of limitations.  Plaintiffs' contentions that the Court had no subject-matter jurisdiction when it is issued the Decision and Order, that the defendants accorded absolute judicial and prosecutorial immunity were never provided immunity in the Constitution, and that those defendants are not entitled to immunity because of their criminal acts, are non-starters and meritless, largely for the reasons set forth in the Decision and Order.  Objections, at 6-23.

---

[2] The document is over 550 pages.

Although the issues was addressed previously in the Decision and Order, at 9, Plaintiffs' also contend that the statutes of limitation as to Shane should be tolled due to fraud, or at least tolled for the time period that he was detained and incarcerated on federal criminal charges and convictions in this Court. *See* Objections, at 29. Plaintiffs quote from a portion of the Decision and Order, at 9, which states that "[t]he complaint alleges that Plaintiff Shane was not released from the custody of the United States Bureau of Prisons until December 6, 2012, and also was detained for up to 33 months prior to that with no claim or grand jury occurrence and that, accordingly the complaint is timely." Objections, at 29 (internal quotations and citation omitted). The Objections continue that "[i]f the matter was not based on fraud time tolled would have started on December 6, 2012 well within the three years but this matter <u>there is no Statute of Limitations when based on fraud upon the Court. This is not a State matter</u>." Objections, at 29 (internal quotations and citation omitted) (emphasis in original.)

As discussed in the Decision and Order, Shane is not entitled to a tolling period for the time he was detained and incarcerated on his federal criminal charges and convictions. *Id.* at 9 (citing N.Y.C.P.L.R., § 208; *Kelly v. State*, 57 A.D.2d 320 (4th Dept. 1977) (noting that New York amended Civil Rights Law § 79(2) and N.Y.C.P.L.R. § 208 in 1973 to eliminate imprisonment as a ground for tolling a statute of limitations), *overruled on other grounds by Fuocco v. State*, 64 A.D.2d 1030 (4th Dept. 1978); N.Y.C.P.L.R. § 208, Notes, 1973 Amendments.))

To the extent Shane may be asserting a claim of equitable tolling based on his pre-trial detainment and incarceration, he fails to raise a legitimate claim to equitable tolling. *See, e.g., Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) ("This Court

has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" (quoting *Miller v. International Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir.), *cert. denied,* 474 U.S. 851 (1985)).  To rely on the doctrine of equitable tolling, a plaintiff must establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams,* 593 F.3d 226, 231 (2d Cir.2010) (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007).  Plaintiffs' have made no such showing.

Plaintiffs' claim of "fraud" is wholly unsupported and provides no basis for equitable tolling.  The fraud appears to be based on some specious jurisdictional argument regarding Shane's criminal charges and subsequent convictions in this Court.  Moreover, Shane's incarceration provides no basis for equitable tolling and the Court notes, importantly, that during Shane's period of incarceration on his federal charges he was zealously and vigorously litigating a number of matters and proceedings in this Court *pro se*.  *E.g.*, *United States v. Buczek*, 08-CR-0054S;[3] *United States v. Buczek*, 09-CR-0141S; *Buczek v. Constructive Statutory Trust, et al.*, 10-CV-0382MAT; *Buczek v. Constructive Trust, et al.*, 10-CV-0383MAT.  Lastly, Shane's incarceration provides no basis for his father and co-plaintiff to have the statute of limitations tolled as to his claims.

## CONCLUSION

For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court hereby certifies, pursuant to 28

---

[3] Despite Shane's representation by counsel in the criminal proceedings, he filed a number of motions, documents, papers, etc., *pro se*.

U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDERS

IT HEREBY IS ORDERED, that the complaint (Docket No. 1) is DISMISSED with prejudice;

FURTHER, that Plaintiffs' Motions to Take Judicial Notice (Docket No. 10) and for Default Judgment (Docket No. 11) are DENIED, and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is DENIED.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:   December 17, 2015
         Buffalo, NY