UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

SHANE C. BUCZEK and DANIEL R. BUCZEK,

                Plaintiffs,
   v.                                        **DECISION AND ORDER**
                                                            14-CV-1024S

EDWARD COTTER, ET AL.,

                Defendants.
───────────────────────────────

    1.    Plaintiffs Shane C. Buczek and Daniel R. Buczek filed this *pro se* action[1] on December 5, 2014, alleging, *inter alia*, false arrest and malicious prosecution. The complaint arises out of Plaintiffs' arrest and prosecution for attempting to use "Liberty Dollars" to make purchases at the First Niagara Center, home of the Buffalo Sabres.

    2.    On December 22, 2015, after previously dismissing claims against a number of named defendants, see Docket No. 8, the court dismissed Plaintiffs' claims against the remaining defendants on statute of limitations grounds, see Docket No. 12. Six days later, Plaintiffs filed a "Writ of Error Objecting." (Docket No. 14.) This document is another in a long line of voluminous, often incomprehensible sovereign-citizen-themed submissions upon which Plaintiffs have come to rely. It is difficult to decipher, but appears to be most properly construed as a Motion for Reconsideration of the court's December 22, 2015 Decision and Order. It was filed before the judgment, but this Court will nonetheless also construe it as a Rule 59 and Rule 60 motion for the sake of judicial expediency.

───────────────

[1] Plaintiffs' *pro se* status entitles their submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Plaintiffs' submissions accordingly.

3. A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

4. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

5. Upon consideration of Plaintiffs' "Writ of Error Objecting," this Court is not convinced that its December 12, 2015 Decision and Order must be revisited. Plaintiffs have not persuasively alleged any of the three circumstances under which reconsideration

may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, they simply reargue and reiterate their position that the statute of limitations should be tolled due to fraud and that the state court lacked proper jurisdiction. These arguments have already been raised and rejected.

6. Plaintiffs are obviously dissatisfied and disagree with the court's prior decisions. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F.Supp.2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F.Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, reconsideration is denied.

7. Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

8. The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255. The rule is not, however, "a vehicle for relitigating old issues,

3

presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant a Rule 59(e) motion is within the sound discretion of the court. New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

9. Here, even assuming that Plaintiffs submission was directed at a final judgment, Plaintiffs point to no persuasive matters or controlling caselaw that the court overlooked, and there is no clear error or manifest injustice in the court's ruling. Plaintiffs simply seek to relitigate their failed positions. For these reasons, Plaintiffs' motion under Rule 59 is denied.

10. This Court also considers Plaintiffs' motion under Rule 60. Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable neglect, and (2) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)(1) and (6). Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

11. When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing'

evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). The decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

12. Here again, Plaintiffs do not meet the high standard for relief under Rule 60. No extraordinary circumstances are presented; no mistakes have been made; and no highly convincing evidence warranting a change in the court's decision has been submitted. Consequently, Plaintiffs' motion under Rule 60 is denied.

IT HEREBY IS ORDERED, that Plaintiffs' "Writ of Error Objecting" (Docket No. 14) is DENIED.

SO ORDERED.

Dated: April 4, 2016
       Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge